**UNITED STATES DISTRICT COURT**
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Tim E. Ireland )<br>    *Plaintiff* )<br> )<br>v. )<br> )<br>DH Capital Management, Inc. )<br>    *Defendant* )<br>Serve: )<br>    C. F. Haunz )<br>    8512 Brookside East )<br>    Pewee Valley, KY 40056 )<br> ) | Case No. 3:17-cv-77-GNS |

**COMPLAINT and DEMAND FOR JURY TRIAL**

\*    \*    \*    \*    \*

**INTRODUCTION**

    1.    This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA") and KRS 360.020.

**JURISDICTION**

    2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

**PARTIES**

    3.    Plaintiff Tim E. Ireland is a natural person who resides in Hardin County, Ky. Mr. Ireland is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

    4.    Defendant DH Capital Management, Inc. ("DHC") is a Kentucky corporation that is engaged in the business of purchasing defaulted debt from creditors and collecting these debts in this state. DHC's principal place of business is located at 13019 Wellington Way, Goshen, KY 40026-8440.

    5.    DHC is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

## RELEVANT FACTS

6. On February 28, 2007, DHC filed suit against Mr. Ireland in Hardin District Court in Case No. 07-C-00372 (the "Hardin Collection Action").

7. A true and accurate of the Complaint in the Hardin Collection Action is attached as Exhibit "A."

8. DHC's Complaint in the Hardin Collection Action was an attempt to collect a charged-off credit card originated by Providian National Bank ("Providian").

9. Upon information and belief, the Providian credit card at issue in the Hardin Collection Action was used solely for personal, family, or household purposes, which makes the Providian credit card debt a "debt" within the meaning of the FDCPA.

10. DHC's Complaint in the Hardin Collection Action alleged *inter alia* the following:

```
1.  Defendant is indebted to the plaintiff under the credit
agreement filed herewith as Exhibit A.
2.  Said obligation is past due and defendant owes a balance
of $1,872.84 plus interest at the rate of 21.000% per annum from
September 30, 2004 until date of judgment, then 21.000% per annum
thereafter until paid.
```

11. The demand for interest at 21.00% per annum is grossly excessive and plainly usurious under Kentucky law.

12. The legal rate of interest under Kentucky law is 8.00% per annum.

13. By charging usurious interest, DHC has forfeited its right to recover *any* interest from Mr. Ireland:

> The taking, receiving, reserving, or **charging a rate of interest greater than is allowed by KRS 360.010**, when knowingly done, **shall be deemed a forfeiture of the entire interest** which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon.

KRS 360.020 (bolding added).

14. DHC moved for and was granted a default judgment against Mr. Ireland on August 27, 2007 in the Hardin Collection Action (the "Default Judgment").

15. A true and accurate copy of the Default Judgment is attached as Exhibit "B."

16. The Default Judgment awards DHC *inter alia* the following:

> This action coming on to be heard on the plaintiff's complaint, it is considered and adjudged that the plaintiff, DH Capital Management, Inc., recover of the defendant, Tim E Ireland, the sum of $1,872.84 plus interest at the rate of 21.000% per annum from September 30, 2004 until date of judgment, then 21.000% per annum thereafter until paid, and the further sum of $468.21 attorney's fees pursuant to KRS 286.3-750, and its court costs for all of which execution may issue forthwith. This is a final Judgment and there is no just reason for delay in its entry.

17. On October 9, 2007, DHC filed a judgment lien in connection with the Default Judgment in the Hardin County Clerk's office (the "Judgment Lien")

18. A true and accurate copy of the Judgment Lien is attached as Exhibit "C."

19. The Judgment Lien provides in pertinent part:

NOTICE OF
JUDGMENT LIEN
ON REAL ESTATE

JUDGMENT DEBTOR:

Tim E Ireland

JUDGMENT CREDITOR:

DH Capital Management, Inc.



Judgment Amount: $3,630.56
Interest rate: 21.000%
from September 21, 2007 until paid
Judgment Date: August 27, 2007

20. The Judgment lien overstates the amount of the Default Judgment subject to post-judgment interest by over $600.

21. Under the plain terms of the Default Judgment, the amount of accrued

-3-

prejudgment interest awarded in the Default Judgment was $1,148.60 (1,062[1] x .21/365 x $1,872.84).

22. So the amount of the judgment subject to post-judgment interest is $3,028.45 ($1,148.60 (pre-judgment interest) + $1,872.84 (original principal as stated in the complaint)).

23. But the Judgment Lien falsely states that $3,630.56 is subject to post-judgment interest.

24. Under Kentucky law, DHC is not entitled to post-judgment interest on attorney's fees or court costs.

25. While the Default Judgment awards "its court costs" to DHC, no amount of court costs is included or set forth in the default judgment.

26. Under Kentucky law, court costs awarded under Ky. Civ. R. P. 54.04, which requires the prevailing party to file and serve a bill of costs on the defendant:

> A party entitled to recover costs shall prepare and serve upon the party liable therefor a bill itemizing the costs incurred by him in the action, including filing fees, fees incident to service of process and summoning of witnesses, jury fees, warning order attorney, and guardian ad litem fees, costs of the originals of any depositions (whether taken stenographically or by other than stenographic means), fees for extraordinary services ordered to be paid by the court, and such other costs as are ordinarily recoverable by the successful party. If within five days after such service no exceptions to the bill are served on the prevailing party, the clerk shall endorse on the face of the judgment the total amount of costs recoverable as a part of the judgment. Exceptions shall be heard and resolved by the trial court in the form of a supplemental judgment.

Ky.CR 54.04(2).

27. The purpose of requiring the prevailing party to file a bill of costs is twofold: **(i)** to give the losing party a chance to review and challenge the costs and amount of costs claimed by the prevailing party, and **(ii)** to subject the award of costs to judicial oversight and review.

28. If a prevailing party fails to file a bill of costs as required by law, the prevailing party may not recover court costs from the losing party.

29. DHC did not file a bill of costs in the Hardin Collection Action.

---

[1] The number of days from September 30, 2004 until August 27, 2007.

30. DHC did not serve a bill of costs on Mr. Ireland related to the Hardin Collection Action.

31. There is no supplemental judgment entered in the Hardin Collection Action awarding DHC costs.

32. On or about January 27, 2017, Mr. Ireland requested a payoff for the Default Judgment.

33. In response, DHC sent Mr. Ireland a payoff in the amount of $7,266.73 (the "Payoff").

34. DHC sent Mr. Ireland the Payoff for purposes of collecting a debt from him.

35. The Payoff amount of $7,266.73 includes usurious interest and court costs that DHC cannot legally recover from Mr. Ireland.

36. DHC violated the FDCPA by **(i)** including usurious interest in the Default Judgment, the Judgment Lien, and the Payoff; **(ii)** including court costs in the amount due in the Judgment Lien where no Bill of Costs was filed in the Hardin Collection Action; **(iii)** falsely representing the amount of Default Judgment subject to post-judgment interest in the Judgment Lien; **(iv)** falsely representing the amount due in the Judgment Lien; **(v)** attempting to collect usurious pursuant to the Judgment Lien; **(vi)** misrepresenting the amount due on the Default Judgment in the Payoff; and **(vii)** attempting to collect fees and costs under the Default Judgment in the Payoff that DHC had no legal right to collect from Mr. Ireland.

### Claims for Relief

**I.    Violations of the FDCPA**

37. The foregoing acts and omissions of DH Capital Management, Inc. constitute violations of the FDCPA, including, but not limited to violations of multiple subsections of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f. *See Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 535 (6th Cir. 2014) (holding that "[m]aintaining an invalid lien against a debtor's home falls comfortably within the kinds of practices Congress has identified as unfair under [the FDCPA]").

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tim Ireland requests that the Court grant him the following relief:

1. Award Plaintiff maximum statutory damages under 15 U.S.C. § 1692k;

2. Award Plaintiff reasonable attorney's fees and costs;

3. A trial by jury; and

4. Such other relief as may be just and proper.

        Respectfully submitted,

        /s/ James H. Lawson
        **James H. Lawson**
        *Lawson at Law, PLLC*
        115 S. Sherrin Avenue, Suite 4
        Louisville, KY 40207
        Tel:  (502) 473-6525
        Fax:  (502) 473-6561
        james@kyconsumerlaw.com